David C. Parisi
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California  91403
818.990.1299
818. 501.7852 (fax)
Email: dparisi@parisihavens.com

Oren Giskan
GISKAN SOLOTAROFF & ANDERSON LLP
11 Broadway -- Suite 2150
New York, New York 10004
212.847.8315
646.520.3237 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Gernot Trolf, an individual, and Tiffany Johnson, an individual, for themselves and all others similarly situated,

    Plaintiffs,

v.

T-Mobile USA, Inc., a Delaware corporation,

    Defendant.

Case No. '08 CV 0112 BTM WMc

CLASS ACTION COMPLAINT

DEMAND FOR JURY TRIAL

BY FAX

## NATURE OF ACTION

1. Plaintiffs Gernot Trolf and Tiffany Johnson, by and through their undersigned counsel, individually and on behalf of a class of all others similarly situated, brings this action against defendant T-Mobile USA, Inc. ("T-Mobile") for deceptive business practices in violation of the California Legal Remedies Act and Unfair Competition Law, and the Washington Consumer Protection Act.

Class Action Complaint

2.      Plaintiffs bring this action on behalf of all T-Mobile customers in the United States who have been charged roaming rates for voicemail message notifications while traveling outside the United States (the "Class").

3.      In the absence of sufficient prior disclosure to its customers, T-Mobile charges up to $2.99 for every voicemail message left on the customers' mobile phones while the customers are traveling outside of the United States, even if the customers do not check their voicemail. If the customers do check their voicemail, they are assessed an additional per minute roaming charge. Moreover, T-Mobile bills customers traveling outside the United States for unanswered calls at the same roaming charge.

4.      Plaintiffs bring this action to enjoin T-Mobile from continuing its deceptive and unlawful practices, and for damages attributable to T-Mobile's unlawful practices.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), because the matter in controversy in this class action exceeds $5,000,000, exclusive of interest, costs, and attorney's fees, and there is complete diversity among the parties: Defendant T-Mobile is headquartered in Bellevue, Washington, and Plaintiffs are residents of California and Georgia.

6.      Venue is proper in this District inasmuch as Plaintiff Trolf resides in this District, and Defendant conducts a substantial amount of business in this District.

## THE PARTIES

7.      Plaintiff Gernot Trolf resides in San Diego, California. Mr. Trolf is a customer of T-Mobile's cellular telephone services and was charged roaming fees for 44 voicemail messages he received while traveling outside of the United States in 2007. He was charged

$1.49 for each of those 44 voicemail messages. Mr. Trolf did not listen to these voicemails prior to returning to the United States.

8. Plaintiff Tiffany Johnson resides in Atlanta, Georgia. Ms. Johnson is a customer of T-Mobile's cellular telephone services, and, in her monthly T-Mobile statement dated November 20, 2007, was charged roaming fees for three voicemail messages and two unanswered calls while traveling in the Bahamas. She was charged $2.99 for each of those five voicemail messages and unanswered calls.

9. Defendant T-Mobile is a provider of wireless voice, messaging, and data services. T-Mobile USA, Inc., a Delaware corporation, is the United States operating entity of T-Mobile International AG. Its corporate headquarters are located in Bellevue, Washington.

## CLASS ACTION ALLEGATIONS

10. Plaintiffs bring this action as a class action pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of all customers of T-Mobile in the United States (or, in the alternative, California) who were charged roaming fees for voicemail messages while traveling outside of the United States (the "Class"). Excluded from the Class are the officers, directors, and employees (and the immediate families thereof) of defendant; any of defendant's subsidiaries or affiliates; any director, officer, and employee (and the immediate families thereof) of any subsidiary or affiliate; any entity in which defendant has a controlling interest; and the legal representatives, heirs, successors, and assigns of any excluded person or entity.

11. Members of the Class are so numerous that joinder of all members is impracticable. Class members number at least in the thousands. The exact number of class

members and their addresses can be ascertained from the books and records of defendant through discovery.

12. Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely any individual members of the Class, including the following:

(a) whether T-Mobile adequately disclosed its roaming charges for the voicemails its customers receive while traveling outside the United States;

(b) whether T-Mobile's practices constitute unfair and deceptive acts and practices in violation of California and/or Washington state law; and

(c) whether Plaintiffs and the other members of the Class were damaged as a result of T-Mobile's practices.

13. Plaintiffs are members of the Class.

14. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have the same interests as the other Class members.

15. Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have retained able counsel with extensive experience in breach of contract, consumer fraud, and class action litigation. The interests of Plaintiffs are coincident with, and not antagonistic to, the interests of the other Class members.

16. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

17. The prosecution of separate actions by individual members of the Class would

create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for Defendant.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs done to them. The Class is readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. Plaintiffs will encounter no undue difficulty in managing this action as a class action.

## SUBSTANTIVE ALLEGATIONS

19. T-Mobile is one of the nation's leading cell phone serve providers. As is the case with all of the other major cell phone service providers, T-Mobile unilaterally drafted and imposed on its customers a boilerplate, fine-print set of Terms and Conditions ("T&C"). A copy of the T&C is attached hereto as Exhibit A, and is incorporated herein by reference.

20. Although Paragraph 11 of the T&C is devoted to the services T-Mobile provides its customers, as well as the fees T-Mobile charges its customers in exchange for those services, the T&C is silent with respect to the roaming fees it charges its customers for voicemail received outside the United States.

21. The only disclosure T-Mobile makes regarding these fees is in the Frequently Asked Question ("FAQ") section on its website. Under the FAQ "What should I expect in my T-Mobile bill?" T-Mobile states, "Unless you switch your device off or activate Unconditional Call Forwarding on your device, you will be billed for calls delivered to your voice mail box while you are roaming internationally." But even this disclosure fails to

disclose that customers will be charged roaming charges of up to $2.99 per voicemail. T-Mobile does not require customers to view this disclosure. T-Mobile imposes these charges *in addition to* T-Mobile's charges for retrieving voicemails while traveling outside the United States.

22. Indeed, other disclosures make this inadequate disclosure even more misleading. For instance, just below the disclosure set forth in paragraph __ above, T-Mobile states:

> "Operator-assisted calls to "0" are billed at the international roaming rate for the country you are in.
>
> "Checking your e-mail or voicemail while roaming incurs charges just as calling does.

23. Similarly, in a section on T-Mobile's website headed "Using voicemail while roaming," T-Mobile states, "**NOTE:** If you check voicemail from your phone while roaming, you will be charged for roaming and long distance as follows . . . ."

24. Despite ample opportunity to do so, T-Mobile fails to disclose to its customers that they will be charged roaming fees of up to $2.99 per voicemail if the customers leave their cellular telephones on while traveling outside the United States. Indeed, T-Mobile takes active steps to conceal this practice. Instead of indicating on customers' bills that it is charging up to $2.99 for simply notifying a customer that a voicemail has been left, T-Mobile lists those notifications as calls to Santa Barbara, California and/or to telephone number 805-637-7249.

25. The roaming charges bear no relationship to T-Mobile's costs of notifying its

Class Action Complaint
-6-

customers that they have received a voicemail. T-Mobile's charges for text messages to its customers who are traveling outside the United States are significantly less than the roaming charges it imposes on its customers. For example, Ms. Johnson was charged $0.35 for a text message the same day that she was charged $2.99 for a voicemail notification.

26. T-Mobile also charges its customers for missed calls when the customers are traveling outside of the United States. Ms. Johnson was twice charged $2.99 for unanswered calls in October 2007, in addition to the charges for the voicemail notifications. T-Mobile does not disclose that it charges for unanswered calls to customers traveling outside the United States.

27. T-Mobile has generated millions of dollars in revenues from this unlawful practice. Many customers have received hundreds of these charges.

28. T-Mobile customers are irate over this outrageous, unlawful practice. Attached hereto as Exhibit B, and incorporated herein by reference, is a copy of online bulletin boards on which hundreds of T-Mobile customers are complaining bitterly about these heretofore undisclosed roaming fees.

## FIRST CAUSE OF ACTION
### [Declaratory Relief]

29. T-Mobile's T&C provides that any disputes between customers and T-Mobile must be resolved through arbitration. The T&C further provides that the customer may not pursue his or her claims as a class action.

30. The prohibition contained against class actions contained in the T&C is part of an adhesion contract, which makes it uneconomical for customers to pursue their claims, prevents customers from pursuing their statutory consumer protection rights, and effectively

shields T-Mobile from compliance with the laws of this State. As such, the prohibition is unconscionable and unenforceable, and has been found as such by the California Court of Appeal. *Gatton v. T-Mobile USA, Inc.*, 152 Cal. App. 4th 571 (1st App. Dist. 2007).

31. Plaintiff Trolf seeks a declaration that T-Mobile's prohibition on class actions in the T&C is unconscionable and unenforceable.

## SECOND CAUSE OF ACTION

**[Violation of Consumer Legal Remedies Act, California Civil Code §§ 1750 *et seq.*]**

32. Plaintiff Trolf incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

33. The Consumer Legal Remedies Act applies to Defendant's actions and conduct described herein because it extends to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

34. Plaintiff Trolf and each California resident member of the Class are "consumers" within the meaning of Civil Code Section 1761(d).

35. Plaintiff Trolf and every other California resident member of the Class contracted with T-Mobile for cellular phone service, which is a "service" within the meaning of Civil Code Section 1761(a).

36. T-Mobile's failure to disclose the charges for unanswered phone calls and voicemail notifications while traveling outside the United States constitutes the omission and concealment of material facts that are unfair, deceptive, and misleading business practices in violation of Civil Code Section 1770(a).

37. T-Mobile's deceptive acts and omissions occurred in the course of selling a consumer service and have occurred continuously throughout the filing of this Complaint.

Class Action Complaint
-8-

38. As a direct and proximate result of T-Mobile's violation of Civil Code Section 1770, *et seq.*, Plaintiff Trolf and the other Class members have suffered irreparable harm and monetary damages. Plaintiff, on behalf of himself and on behalf of the Class, seeks all relief allowable under the CLRA.

## THIRD CAUSE OF ACTION

### [Unfair Competition, California Bus. & Prof. Code §§ 17200, *et seq.*]

39. Plaintiff Trolf incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

40. Plaintiff Trolf and the other California resident class members have suffered injury in fact and have lost money as a result of T-Mobile's unlawful practices. Accordingly, Plaintiff Trolf brings this cause of action on behalf of himself and all other California resident class members, pursuant to Business & Professions Code §§ 17200 *et seq.*

41. Defendant has engaged in unfair, unlawful, and fraudulent business acts and practices as set forth above. The unfair, unlawful, and fraudulent business acts and practices of Defendant set forth above occurred, in substantial part, in California.

42. Beginning on a date unknown to Plaintiff Trolf and continuing to the present, Defendant has engaged in, is engaged in, and intends to engage in unfair competition, as that term is defined in Business and Professions Code § 17200.

43. As used in this Complaint and in § 17200, "unfair competition" means (1) an unlawful, unfair or fraudulent business act or practice; (2) unfair, deceptive, untrue or misleading advertising; and/or (3) an act prohibited by Chapter 1 (commencing with § 17500) of Part 3 of Division 7 of the Business and Professions Code. This conduct is actionable pursuant to Business and Professions Code §§ 17200, 17203.

44.   In engaging in conduct that constitutes unfair competition, Defendant has acquired money or property from members of the general public. It is impossible for Plaintiff Trolf to determine the exact amount of money Defendant has obtained without a detailed review of Defendant's books and records.

45.   Specifically, Defendant has engaged in, is engaged in, and intends to engage in unlawful, unfair, and fraudulent business acts and practices, each of which independently constitute unfair competition.

   (a)   Defendant's charges for unanswered phone calls and voicemail notifications and its failure to adequately disclose such charges is unfair because the harm to Plaintiff Trolf and the general public from this practice has outweighed any benefits thereto, and threatens the continued violation of California's consumer protection laws.

   (b)   The conduct described above is unlawful pursuant to California Civil Code §§ 1770(a)(9)(13)(16) and (17).

   (c)   Members of the public were and are likely to be misled by Defendant's conduct. For that reason, Defendants' conduct constitutes a fraudulent business act and/or practice pursuant to Business and Professions Code §§ 17200, *et seq.*

   (d)   Pursuant to Business and Professions Code § 17203, the Court may impose injunctive relief against any conduct found to constitute unfair competition pursuant to Business and Professions Code § 17200. The court may also make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

46. By engaging in the above-described acts and practices, Defendant has committed one or more acts of unfair competition within the meaning of Business and Professions Code Section 17200, *et seq.*

47. Plaintiff Trolf, who has suffered injury in fact and has lost money or property as a result of such unfair competition, on behalf of himself and on behalf of the California resident members of the Class, seeks restitution, and all other relief allowed under Business & Professions Code, Section 17200, *et seq.*

## FOURTH CAUSE OF ACTION

**[Violation of the Washington Consumer Protection Act,
Wash. Rev. Code §19.86.010 et seq]**

48. The allegations contained in the preceding paragraphs of this Complaint are realleged and incorporated by reference as if fully set forth herein.

49. The Washington Consumer Protection Act declares unlawful (a) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) with a public interest impact, and (4) which causes injury to plaintiff.

50. At all relevant times, T-Mobile has engaged in unfair and deceptive acts and practices in the conduct of its business by misleadingly and deceptively charging for unanswered phone calls and voicemail notifications.

51. T-Mobile's unlawful, unfair, and deceptive business acts and practices impact the public interest. T-Mobile committed the unfair and deceptive acts described herein in the course of its business as part of a pattern and generalized course of conduct. T-Mobile's unfair and deceptive business acts and practices have affected, and continue to affect, many consumers.

52. As a result of defendant's unfair and deceptive acts and practices in the

conduct of its business, Plaintiffs and the other members of the Class have suffered actual damages.

53. Unless defendant is enjoined from its unfair and deceptive acts and practices as alleged herein, defendant will continue to cause damage to consumers.

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the Class, pray for judgment, as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiffs as a representative of the Class under Rule 23 of the Federal Rules of Civil Procedure;

(b) Declaring the class action waiver in T-Mobile's T&C unconscionable and unenforceable;

(c) Enjoining T-Mobile from charging for unanswered calls and/or voicemail notifications absent adequate disclosure;

(d) Ordering T-Mobile to disgorge all profits made as a result of its practices described herein;

(e) Awarding Plaintiffs and the Class damages;

(f) Awarding Plaintiffs and the Class restitution;

(g) Awarding Plaintiffs costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and reimbursement of all reasonable expenses incurred in prosecuting this action; and

(h) Granting pre-judgment interest and such other and further relief as the Court may deem just and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: January 18, 2008

Respectfully submitted,

By: 
David C. Parisi
PARISI & HAVENS LLP, attorneys for
Plaintiffs Gernot Trolf and Tiffany
Johnson, individually and on behalf of a
class of similarly situated individuals

David C. Parisi
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, California   91403
Phone: (818) 990-1299
Fax: (818) 501-7852
Email: dparisi@parisihavens.com

Oren Giskan
GISKAN SOLOTAROFF &
ANDERSON LLP
11 Broadway -- Suite 2150
New York, New York 10004
212.847.8315
646.520.3237 (fax)

ORIGINAL

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 08 JAN 18 PM 3:57
SOUTHERN U.S. DISTRICT
DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**I. (a) PLAINTIFFS**
Gernot Trolf, an individual, and Tiffany Johnson, an individual, on behalf of themselves and all other persons similarly situated,

**DEFENDANTS**
T-Mobile USA, Inc., a Delaware corporation

**(b)** County of Residence of First Listed Plaintiff: San Diego, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: King County Washington
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

08 CV 0112 BTM WMC

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Oren Giskan, GISKAN SOLOTAROFF & ANDERSON LLP, 11 Broadway -- Suite 2150, New York, New York 10004, 212.847.8315,

Attorneys (If Known)

BY FAX

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

CONTRACT: 110 Insurance, 120 Marine, 130 Miller Act, 140 Negotiable Instrument, 150 Recovery of Overpayment & Enforcement of Judgment, 151 Medicare Act, 152 Recovery of Defaulted Student Loans (Excl. Veterans), 153 Recovery of Overpayment of Veteran's Benefits, 160 Stockholders' Suits, 190 Other Contract, 195 Contract Product Liability, 196 Franchise

REAL PROPERTY: 210 Land Condemnation, 220 Foreclosure, 230 Rent Lease & Ejectment, 240 Torts to Land, 245 Tort Product Liability, 290 All Other Real Property

TORTS — PERSONAL INJURY: 310 Airplane, 315 Airplane Product Liability, 320 Assault, Libel & Slander, 330 Federal Employers' Liability, 340 Marine, 345 Marine Product Liability, 350 Motor Vehicle, 355 Motor Vehicle Product Liability, 360 Other Personal Injury

TORTS — PERSONAL INJURY: 362 Personal Injury - Med. Malpractice, 365 Personal Injury - Product Liability, 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: ☒ 370 Other Fraud, 371 Truth in Lending, 380 Other Personal Property Damage, 385 Property Damage Product Liability

CIVIL RIGHTS: 441 Voting, 442 Employment, 443 Housing/Accommodations, 444 Welfare, 445 Amer. w/Disabilities - Employment, 446 Amer. w/Disabilities - Other, 440 Other Civil Rights

PRISONER PETITIONS: 510 Motions to Vacate Sentence, Habeas Corpus: 530 General, 535 Death Penalty, 540 Mandamus & Other, 550 Civil Rights, 555 Prison Condition

FORFEITURE/PENALTY: 610 Agriculture, 620 Other Food & Drug, 625 Drug Related Seizure of Property 21 USC 881, 630 Liquor Laws, 640 R.R. & Truck, 650 Airline Regs., 660 Occupational Safety/Health, 690 Other

LABOR: 710 Fair Labor Standards Act, 720 Labor/Mgmt. Relations, 730 Labor/Mgmt. Reporting & Disclosure Act, 740 Railway Labor Act, 790 Other Labor Litigation, 791 Empl. Ret. Inc. Security Act

BANKRUPTCY: 422 Appeal 28 USC 158, 423 Withdrawal 28 USC 157

PROPERTY RIGHTS: 820 Copyrights, 830 Patent, 840 Trademark

SOCIAL SECURITY: 861 HIA (1395ff), 862 Black Lung (923), 863 DIWC/DIWW (405(g)), 864 SSID Title XVI, 865 RSI (405(g))

FEDERAL TAX SUITS: 870 Taxes (U.S. Plaintiff or Defendant), 871 IRS—Third Party 26 USC 7609

OTHER STATUTES: 400 State Reapportionment, 410 Antitrust, 430 Banks and Banking, 450 Commerce, 460 Deportation, 470 Racketeer Influenced and Corrupt Organizations, 480 Consumer Credit, 490 Cable/Sat TV, 810 Selective Service, 850 Securities/Commodities/Exchange, 875 Customer Challenge 12 USC 3410, 890 Other Statutory Actions, 891 Agricultural Acts, 892 Economic Stabilization Act, 893 Environmental Matters, 894 Energy Allocation Act, 895 Freedom of Information Act, 900 Appeal of Fee Determination Under Equal Access to Justice, 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332(d)
Brief description of cause:
Deceptive assessment of roaming charges.

**VII. REQUESTED IN COMPLAINT:** ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 01/18/2008
SIGNATURE OF ATTORNEY OF RECORD: David C. Parisi

FOR OFFICE USE ONLY
RECEIPT # 146651   AMOUNT $350   1/18/08 BY   APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

```
                    UNITED STATES
                   DISTRICT COURT
              SOUTHERN DISTRICT OF CALIFORNIA
                    SAN DIEGO DIVISION

              # 146651        - BH

                 January 18, 2008
                     15:56:48


                 Civ Fil Non-Pris
         USAO #.: 08CV0112 CIVIL FILING
         Judge..: BARRY T MOSKOWITZ
         Amount.:                    $350.00 CK
         Check#.: BC# D3005825



              Total->   $350.00


         FROM: TROLF V. T-MOBILE
               CIVIL FILING
```